William W. Flachsbart (IL State Bar No. 6237069)
        wwf@fg-law.com
Robert P. Greenspoon   (IL State Bar No. 6229357)
        rpg@fg-law.com
**Flachsbart & Greenspoon, LLC**
The Monadnock Building
53 W. Jackson Blvd, Suite 652
Chicago, Illinois 60604
Telephone:  (312) 431-3800
Facsimile    (312) 431-3810

Gary Dukarich (CA Bar No. 188561)
        gsd@cph.com
**Christie, Parker & Hale, LLP**
3501 Jamboree Road, Suite 6000
Newport Beach, California 92660-2960
Telephone:  (949) 476-0757
Facsimile:  (949) 476-8640

Attorneys for Plaintiff
ValueClick, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **ValueClick, Inc.,**<br>a Delaware Corporation,<br><br>                    Plaintiff,<br><br>              v.<br><br>**TACODA, Inc.,**<br>a Delaware Corporation,<br><br>                    Defendant. | CASE NO. CV 08-04619 DSF (JCx)<br><br>**STIPULATED DISCOVERY PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT IN NUMBERED PARAGRAPHS 1, 2, 4, 15, 35, 43, 65, 68, 72]** |

        WHEREAS, Plaintiff ValueClick, Inc. ("ValueClick") has filed a complaint against Defendant TACODA, Inc. ("TACODA") (both ValueClick and TACODA individually, a "Party", and collectively, the "Parties"), and TACODA having also filed counterclaims, in the above-captioned action (the "Action");

        WHEREAS, the conduct of the Action may involve the disclosure of trade secret or other confidential technical, business and financial information;

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show at least good cause for sealing that part of the record, and that either Party may challenge any designation of confidentiality pursuant to this Protective Order;

WHEREAS, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure the Parties hereby stipulate to the entry of this Protective Order (referred to hereinafter as "Protective Order" or "Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

## APPLICABILITY OF PROTECTIVE ORDER

1.      All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed with the Court **in the Action**, submitted to the Court in connection with a hearing or trial **in the Action**, or produced, provided or served **in the Action**, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order.  The terms of this Protective Order shall also apply to all manner and means of disclosure of information in discovery **in the Action**, whether formal or informal, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents and tangible things.

2.      **Except as otherwise specified in this Order, a**ny information protected by this Protective Order shall be used only for the purposes of this litigation and not for any other purpose, including but not limited to business, legal, patent prosecution, competitive or governmental purpose or function.  Information contained or reflected in Designated Documents (as defined in paragraph 6 of this Order) shall not be disclosed in conversations, presentations, by parties or counsel, in court or in other

Flachsbart &
Greenspoon,
LLC

2

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

settings that might reveal Designated Documents, except in accordance with the terms of this Protective Order. Notwithstanding the foregoing, nothing in this paragraph or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's **or non-party's** use or disclosure of its own information, in whatever form.

3.     Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, Documents (as defined in paragraph 5 of this Order) that qualify for protection under this Order must be designated in accordance with this Order before the material is disclosed or produced.

## DEFINITIONS

4.     "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces Documents or other information in connection with the conduct of the Action. **To the extent the term "Disclosing Party" encompasses a non-party, such non-party is not bound by the terms of this Order unless such non-party agrees in writing to be so bound.**

5.     "Document" is defined herein as all information, documents and things produced, served or otherwise provided, whether formally or informally, in this Action by the Parties or by non-Parties and shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing or any other electronically stored information.

6.     "Designated Document" is defined herein as any Document that is designated as "Confidential", "Highly Confidential Attorneys' Eyes Only", "Technical Confidential", "Financial Confidential", "Highly Confidential Attorneys' Eyes Only – Source Code", or "Restricted Source Code Media" under this Protective

Order.  As reflected below, these six designations actually reflect only three different treatments, since their use as labels are equated as follows: "Confidential" has the same treatment as "Financial Confidential;" "Highly Confidential Attorneys' Eyes Only" has the same treatment as "Technical Confidential;" and ""Highly Confidential Attorneys' Eyes Only – Source Code" has the same treatment as "Restricted Source Code Media."

7.     "Confidential" / "Financial Confidential" information is defined herein as Documents the Disclosing Party believes in good faith is not generally known to others, and which the Disclosing Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

8.     "Highly Confidential Attorneys' Eyes Only" / "Technical Confidential" information is defined herein as Documents that a Disclosing Party believes in good faith is not generally known to others and has significant competitive value such that the unrestricted disclosure to others would create a substantial risk of serious injury, and which the Disclosing Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes proprietary competitive information that the Disclosing Party maintains as highly confidential in its business, including information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, documents that would reveal trade secrets, the disclosure of which is likely to cause harm to the competitive position of the Disclosing Party.

9.     "Confidential" or "Financial Confidential" information may include, but is not limited to, the following:

a.  Financial and sales information;

b.  Marketing plans;

c.  Current and future business plans, including unpublished financial data and pricing information;

d.  Distributor or customer agreements and licenses;

e.  Customer identity and "contact persons" at a customer;

f.  Aggregate customer information and/or customer profile information, including, but not limited to, behavioral data and web analytics;

g.  Proprietary market analysis (not generally available to the public) whether or not actually developed by the Disclosing Party; and

h.  Information that the Disclosing Party believes, in good faith, constitutes financial trade secret information or business product information for which it is under a duty to maintain in confidence.

10.     "Highly Confidential Attorneys' Eyes Only" or "Technical Confidential" information may include, but is not limited to, the following:

a.  Product development and design information (for new, old, suspended and abandoned projects);

b.  Current and future business plans, including unpublished technical data and product development information;

c.  New business development (for old and new products);

d.  Proprietary engineering information (not generally available to the public) whether or not actually developed by the Disclosing Party;

e.  Information that the Disclosing Party believes, in good faith, constitutes technical trade secret information or other confidential technical or business product information for which it is under a duty to maintain in confidence, including, but not limited to, manufacturing information, non-public executable code, specifications, product design and feature information; and

Flachsbart &
Greenspoon,
LLC

5

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

f.   Source Code, subject to the additional requirements set forth below in paragraphs 25-30.

11.   "Highly Confidential Attorneys' Eyes Only – Source Code" / "Restricted Source Code Media" is defined herein as macro or other similarly sensitive software code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and electronic or non-electronic design documents that reveal the internal structure of a program produced by the Disclosing Party, and is subject to the additional requirements set forth below in paragraphs 25-30.

12.   "Outside Consultant" is defined herein as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Trial Counsel (as defined in paragraph 13 of this Order) to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party, and who further agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto and the "Certification Of Consultant" in the form of Exhibit B attached hereto (such signed agreements shall be preserved by the retaining Party or Trial Counsel);

13.   "Trial Counsel" as used herein, means only:

a.   The attorneys and employees of Flachsbart & Greenspoon, LLC and Christie, Parker & Hale, LLP, for ValueClick, and any other law firms (and their attorneys and employees) which appear on behalf of ValueClick in the Action, to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

b.   The attorneys and employees of Orrick, Herrington & Sutcliffe LLP, for TACODA, and any other law firms (and their attorneys and

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

employees) which appear on behalf of TACODA in the Action, to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

14. "Qualified Person" as used herein means:

a. Trial Counsel;

b. Outside Consultants of the Receiving Party (as defined in paragraph 12 of this Order) to whom disclosure is reasonably necessary for this litigation;

c. Persons who appear on the face of the Designated Document as an author, addressee or recipient thereof;

d. Any court reporter or videographer who transcribes or records testimony in this Action at a deposition and who agrees that all designated confidential testimony is and shall remain confidential and shall not be disclosed except as provided in this Order;

e. Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

f. The Court and the Court's personnel;

g. Outside vendors who perform copying, document preparation, document coding, or creation of trial graphics or tutorials on behalf of any Party and their employees and subcontractors;

h. Members of focus groups and mock jurors, provided they sign an undertaking with same protections as the Confidentiality Agreement attached hereto as Exhibit A, with the caption redacted to remove reference to the Parties, and further provided that no

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

mock jurors or focus group participants be permitted to keep any discovery materials in this matter.

     i. Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by Order of this Court, after notice to all Parties;

     j. Mark Hileman, Sarah Harris, and Christopher Day, Counsel for TACODA; and

     k. Scott Barlow, General Counsel of ValueClick.

15.   "Receiving Party" is defined herein as any Party or non-party who receives Documents or other information produced by a Party or non-party in connection with the conduct of the Action. **To the extent the term "Receiving Party" encompasses a non-party, such non-party is not bound by the terms of this Order unless such non-party agrees in writing to be so bound.**

16.   "Source Code" is defined herein as code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and electronic or non-electronic design documents that reveal the internal structure of a program.

## DESIGNATION OF MATERIALS

### "Confidential" or "Financial Confidential" Information

17.   A Disclosing Party may designate "Confidential" or "Financial Confidential" Information, as defined herein. In so designating, the Disclosing Party will make such designation only as to that information that it has treated as, and in good faith believes contains Confidential or Financial Confidential Information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(1). No item shall be deemed confidential if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order.

18.     Documents and things produced that contain Confidential or Financial Confidential Information may be designated with its respective designation as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

**"CONFIDENTIAL"**

**or**

**"FINANCIAL CONFIDENTIAL"**

19.     Unless otherwise ordered by the Court or this Order, or permitted in writing by the Disclosing Party, a Receiving Party may disclose any information, document, or thing designated as "Confidential" or "Financial Confidential"only to Qualified Persons (as defined in paragraph 14 above).

20.     A Receiving Party shall treat information as "Confidential" or "Financial Confidential" under this Protective Order, as soon as a Disclosing Party so designates the information.

**"Highly Confidential Attorneys' Eyes Only" or "Technical Confidential" Information**

21.     A Disclosing Party may designate Highly Confidential Attorneys' Eyes Only Information or Technical Confidential Information, as defined herein. In so designating, the Disclosing Party will make such designation only as to that information that it has treated as, and in good faith believes contains, Highly Confidential Attorneys' Eyes Only Information or Technical Confidential Information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(1). No item shall be deemed confidential if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order.

22.    Documents and things produced that contain Highly Confidential Attorneys' Eyes Only Information, Financial Confidential Information or Technical Confidential Information may be designated with its respective designation as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

**"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

**or**

**"HIGHLY CONFIDENTIAL"**

**or**

**"ATTORNEYS' EYES ONLY"**

**or**

**"TECHNICAL CONFIDENTIAL – TRIAL COUNSEL ONLY"**

**or**

**"TECHNICAL CONFIDENTIAL"**

23.    A Receiving Party shall treat information as "Highly Confidential Attorneys' Eyes Only"  or "Technical Confidential" respectively, under this Protective Order, as soon as a Disclosing Party so designates the information.

24.    Documents, testimony, information and other things designated "Technical Confidential" or "Highly Confidential Attorneys' Eyes Only" may be disclosed only to the Qualified Persons identified in subsections (a) through (i) of paragraph 14 above.

**"Restricted Source Code Media" or "Highly Confidential Attorneys' Eyes Only – Source Code"**

25.     A Disclosing Party may specially designate Source Code (whether in electronic or hardcopy form) as "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorneys' Eyes Only – Source Code".  In designating Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code, the Disclosing Party will make such designation only as to that information that it has treated as, and in good faith believes contains, Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(1).  Documents designated "Technical Confidential: Restricted Source Code Media" and "Highly Confidential Attorneys' Eyes Only – Source Code" shall be subject to all of the provisions of this Protective Order regarding Technical Confidential Information and Highly Confidential Attorneys' Eyes Only Information and shall also be subject to the following additional restrictions on copying and use.  A Receiving Party shall treat information designated as "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorneys' Eyes Only – Source Code" under this Protective Order, as soon as a Disclosing Party so designates the information.

26.     If produced, Technical Confidential: Restricted Source Code Media and Highly Confidential Attorneys' Eyes Only – Source Code shall be provided in its native, electronic format to the extent that it exists in an electronic format.  A Disclosing Party need not produce more than two (2) copies of the Source Code for a particular product.  Trial Counsel for the Receiving Party may not relinquish or transfer possession or control of any particular copy of a Disclosing Party's Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code except to an expert or consultant who has been retained by such counsel for the requesting party to assist in the prosecution, defense

or settlement of this Action, and only if all of the conditions in paragraphs 33-36 are met.

27. All tangible media (*e.g.*, CD Roms, disks, but not including computer had drives) with Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code must be kept by the Receiving Party's Trial Counsel, or the Receiving Party's retained expert or consultant, in a secure, locked cabinet when the Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code is not in use.

28. Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code may not be copied by any person acting on behalf of a Receiving Party except as follows:

a. <u>Complete Copies</u>

(i) Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code may be copied into the hard drive memory and/or into the RAM of a secure, non-internet accessible computer for the purposes of conducting analyses of the Source Code. Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code is to be kept secure throughout the Action by means of being stored on a stand-alone, desktop computer where it resides, designed to limit access to said Source Code to those persons designated under this Protective Order as having access to said Source Code;

(ii) any computer into which the Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code of a Disclosing Party is copied by a person authorized to receive Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code under this Protective Order must, prior to or contemporaneously with such copying, be equipped with a password protection/lockout/screen saver function having a "timeout" period of no longer than ten (10) minutes. Such

protection/lockout/screen saver function shall remain enabled continuously during any period that such computer is in use while the Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code remains on such computer; provided, however, notwithstanding the foregoing, if each Party's Trial Counsel agrees in writing beforehand, an alternative security mechanism may be substituted for such password protection/lockout/screen saver function on any particular computer; and

(iii)   absent written agreement by the Disclosing Party, a particular copy of the Disclosing Party's Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code may reside in the hard drive memory or RAM of only three computers at any given time;

b.   Excerpts:  Certain portions of the Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code of a Disclosing Party may be copied onto paper or secure electronic media ("Confidential Source Code Excerpts") by Trial Counsel or a retained independent consultant or expert in this action if, and only if, all of the following conditions are met:

(i)   Trial Counsel for a Receiving Party and any retained independent consultant or expert (who is a Qualified Person and meets the requirements of paragraphs 33-36 hereof) of the Receiving Party may each make one (1) electronic backup copy of the Confidential Source Code Excerpts as needed to preserve analyses and/or prepare an expert report;

(ii)   Trial Counsel for a Receiving Party may make that number of copies of the Confidential Source Code Excerpts as is required to fulfill filing and service requirements of a document required to be filed with the Court or served on another Party;

(iii)   the total amount of the Confidential Source Code Excerpts may not exceed the amount necessary to perform the analyses or prepare the expert report; and

(iv)   a Disclosing Party's Confidential Source Code Excerpts shall only be copied as provided herein, and, once having been made, all such copies of a Disclosing Party's Confidential Source Code Excerpts shall be marked as Technical Confidential – Confidential Source Code or Technical Confidential: Restricted Source Code Media in the name of the Disclosing Party and shall be filed, if at all, under seal.

29.   A Disclosing Party's Technical Confidential: Restricted Source Code Media, Highly Confidential Attorneys' Eyes Only – Source Code and Confidential Source Code Excerpts may not be disclosed to anyone other than Trial Counsel, the Court, retained independent consultants or experts satisfying all of the requirements of Paragraphs 33-36, *infra*, and court reporters and videographers employed in this action who are neither a Party to this action nor an officer, director, or employee of a Party to this action, unless authorized by a prior order of the Court or the prior written approval the Disclosing Party (individually, each a "Person Authorized To View Confidential Source Code").  Nothing herein shall preclude, however, Trial Counsel from appropriately using Technical Confidential: Restricted Source Code Media, Highly Confidential Attorneys' Eyes Only – Source Code or Confidential Source Code Excerpts at the deposition of an officer or employee of the Disclosing Party.

30.   A Disclosing Party's Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code may only be transported within the direct control of a Person Authorized To View Restricted Source Code Media, except for paper via Federal Express or other similar courier service directly from one Person Authorized To View Confidential Source Code to another Person Authorized To View Confidential Source Code.  Under no circumstances may Technical Confidential: Restricted Source Code Media or Highly Confidential Attorneys' Eyes Only – Source Code be transmitted electronically.

## ACCESS TO DESIGNATED DOCUMENTS

31.     Each person to whom Designated Documents may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so prior to the time such Designated Documents are disclosed to him or her.  Counsel for a party who makes any disclosure of Designated Documents shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

32.     At the request of the Disclosing Party, persons not permitted access to Designated Documents under the terms of this Protective Order shall not be present at depositions while the Disclosing Party's Designated Documents are discussed or otherwise disclosed.  Pretrial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Documents.

## ACCESS BY OUTSIDE CONSULTANTS

33.     In the event that either Party retains Outside Consultants whom the Receiving Party reasonably anticipates will testify (at trial or deposition) as an expert witness in this action, and such Party desires to disclose to such Outside Consultants any Designated Documents, then such disclosure shall be permitted only under the following conditions:

> a.     Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof;
>
> b.     Ten calendar days prior to disclosure of such Designated Documents, such Receiving Party must provide notice to counsel for the Disclosing Party, which notice shall include:
>
> > (i)     The individual's name, business title, and business address;

(ii) The individual's business or profession;

(iii) The individual's curriculum vitae;

(iv) Any previous or current relationship (personal or professional) with any of the parties;

(v) A list of other cases in which the individual has testified (at trial or deposition) within the last seven years;

(vi) A list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, and if specific ones are confidential, such ones shall be identified by business area and the individual's tasks within it;

(vii) A copy of signed Exhibit A;

(viii) A statement that the notice is being served in accordance with this paragraph 33 of the Protective Order;

c. In the event that the Disclosing Party objects to disclosure of its Designated Documents to the independent consultant or expert, the Disclosing Party shall deliver by hand, facsimile transmission, email transmission or overnight courier a notice of objection to the opposing Party within ten calendar days from service of the materials required to be served under subparagraph (b) of this paragraph 33 (plus three (3) extra days if notice is given other than by hand delivery, facsimile, email transmission or overnight courier).  In such event, disclosure of the information shall not be made until the Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted.  The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection.  Failure to give notice of objection within ten calendar days from service of the materials required to be served under subparagraph (b) of this paragraph 33

shall operate as a waiver of the objection and the Designated Documents may be disclosed pursuant to the terms of this Order, unless a new ground for objection arises after such time; and

d.   In the event the Disclosing Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement.  If the parties cannot reach an agreement, the objecting party may within fifteen business days following its objection file a motion for a protective order preventing disclosure of Designed Documents to the independent consultant or expert or other appropriate relief, with the Disclosing Party carrying the burden of establishing that the disclosure should not be permitted.  If the Disclosing Party does not so move, any objection to the disclosure shall be deemed waived and Designated Documents may thereafter be disclosed to such individual.  If the objecting party files a timely motion for a protective order, Designated Documents shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by the Court or by the consent of the objecting party, whichever occurs first.

34.   No Outside Consultant retained by a Party shall be permitted access to Technical Confidential or Highly Confidential Attorneys' Eyes Only documents or information constituting (i) product design and development information, (ii) proprietary engineering information, (iii) information that the Disclosing Party believes, in good faith, constitutes technical trade secret information or other confidential technical product information for which it is under a duty to maintain in confidence or (iv) unpublished patent applications unless the following additional conditions are satisfied:

a.   Such expert may not be, and no member of such expert's clerical staff, if any, may be;

(i)     a Party or a current officer, director, or employee of a Party; or

(ii)    a current officer, director or employee of a competitor of a Party; and

b.    Such expert must agree by executing the undertaking of Exhibit B not to accept employment with a Party for a period of one year after the conclusion of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in said expert's capacity as an expert consultant or expert witness in litigation on behalf of the same Party for which said expert has been retained in this Action, provided that any expert accepting such employment must not use, disclose, or otherwise access any information beyond the extent permitted and authorized by this Protective Order.

35.    Testifying experts shall not be subject to discovery **in the Action** of any draft of his or her report in this case or other cases that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery **in the Action**.

36.    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually considered by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then considers such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

37.     Materials, communications and other information exempt from discovery under the forgoing Paragraphs shall be treated as attorney work product for the purposes of this litigation and Protective Order.

**PROSECUTION BAR**

38.     Unless otherwise agreed to in writing between the Disclosing Party and the Receiving Party, any individual (including, but not limited to, experts, consultants, or attorneys of the Receiving Party) who personally receives any material designated "Highly Confidential Attorney's Eyes Only," "Technical Confidential," "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorney's Eyes Only – Source Code" shall not participate in the preparation or prosecution of any patent application or participate in the drafting of patent claims for the Receiving Party having claims materially related to the subject matter of the information designated by a Designating Party as "Highly Confidential Attorney's Eyes Only," "Technical Confidential," "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorney's Eyes Only – Source Code," from the time of receipt of such material through and including one (1) year following the first to occur of (i) the complete resolution of this case as to the Producing Party through entry of a final non-appealable judgment or order for which appeal is not taken or has been exhausted or (ii) the complete settlement of all claims against the Producing Party in this action, provided, however, that provisions of this Paragraph shall not apply to any domestic, foreign or international patent application that:

a.     Was filed prior to the Receiving Party's receipt of documents designated "Highly Confidential Attorney's Eyes Only," "Technical Confidential," "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorney's Eyes Only – Source Code"; or

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

      b.     Is filed after the Receiving Party's receipt of documents designated "Highly Confidential Attorney's Eyes Only," "Technical Confidential," "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorney's Eyes Only – Source Code," and:

      (i)     claims priority under 35 U.S.C. §120 as a continuation application or divisional application, but not as a continuation-in-part application to an application filed is filed by the Receiving Party prior to the receipt of documents designated "Highly Confidential Attorney's Eyes Only," "Technical Confidential," "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorney's Eyes Only – Source Code," or

      (ii)     claims priority under 35 U.S.C. §119 to a patent application filed by the Receiving Party prior to the receipt of documents designated "Highly Confidential Attorney's Eyes Only," "Technical Confidential," "Technical Confidential: Restricted Source Code Media" or "Highly Confidential Attorney's Eyes Only – Source Code".

## EXAMINATION OF EMPLOYEES, FORMER EMPLOYEES AND THIRD PARTIES:

     39.     In addition to those persons who may receive Designated Documents identified above, the following persons may be examined and give testimony as follows:

      a.     A present employee, director, officer, agent, designated 30(b)(6) witness, or representative of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential, Highly Confidential Attorneys' Eyes Only, Financial Confidential, Technical Confidential, Highly Confidential Attorneys' Eyes Only – Source Code, or Restricted Source Code Media by his employer, to the extent the employee or representative is or has been

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

privy to such documents or information as part of his duties as an employee or within the scope of his activities as a representative;

b.   A former employee, associate, director, officer, agent, representative or consultant of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential, Highly Confidential Attorneys' Eyes Only, Financial Confidential or Technical Confidential by that Party only if the former employee, associate, representative or consultant had access to the Confidential, Highly Confidential Attorneys' Eyes Only, Financial Confidential or Technical Confidential material during the period or periods of his/her employment or association with that Disclosing party;

c.   Non-parties may be examined and may testify concerning any Designated Document of a Disclosing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contract or relationship with the Disclosing Party, or a representative of such Disclosing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Documents under thus Order shall be excluded from the portion of the examination concerning such information, unless the Disclosing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

this Order and maintain the confidentiality of Designated Documents disclosed during the course of the examination; and

d.    A witness who previously had access to a document designated "Highly Confidential Attorneys' Eyes Only", "Financial Confidential", "Technical Confidential", "Technical Confidential: Restricted Source Code Material" or "Highly Confidential Attorneys' Eyes Only — Source Code" but who is not under a present nondisclosure agreement with the Disclosing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the parties to keep confidential any questions, testimony or documents that are designated as "Highly Confidential Attorneys' Eyes Only", "Financial Confidential", "Technical Confidential", "Technical Confidential: Restricted Source Code Material" or "Highly Confidential Attorneys' Eyes Only — Source Code".  The witnesses may not copy, take notes on, or retain copies of any Designated Documents used or reviewed at the deposition.  The witness may not take out of the deposition room any exhibit that is marked "Highly Confidential Attorneys' Eyes Only", "Financial Confidential", "Technical Confidential", "Technical Confidential: Restricted Source Code Material" or "Highly Confidential Attorneys' Eyes Only — Source Code".  The Disclosing Party of any Designated Document used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the

Flachsbart & Greenspoon, LLC

22

witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

e.  Any individual in circumstances not falling into the above categories may be examined and may testify concerning all Designated Documents upon approval in writing (which shall not be unreasonably withheld) or on the record by Trial Counsel for the Disclosing Party or order of the Court.

**DEPOSITION TRANSCRIPTS AND EXHIBITS**

40.  Except for use during court proceedings, all information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Technical Confidential at the time of the taking of the deposition and for a period of twenty (20) court days after the transcript of said deposition is received by the Disclosing Party.  Information disclosed at the deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within twenty (20) court days of receipt of the transcript of the specific pages and lines of the transcript that contain information to be designated under this Protective Order.  The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript and provide a copy of same to every other Party, or shall request that the court reporter taking such testimony do so.  Thereafter, each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control.

41.     An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it.  If an exhibit has not been previously designated, it shall be treated in accordance with any designation given to it on the record at the time of the deposition, or if no such designation is made, shall be treated as being designated as Technical Confidential for a period of twenty (20) court days after the original or a copy of the original transcript of said deposition is received by the Disclosing Party.  The designation of testimony given as "Highly Confidential Attorneys' Eyes Only," "Financial Confidential," "Technical Confidential," "Highly Confidential Attorneys' Eyes Only – Source Code" or "Restricted Source Code Media", or the de-designation of such testimony given, shall not affect the confidentiality status of exhibits presented or used in connection with such testimony.  Notwithstanding the foregoing, nothing prevents a Party or the deponent either on the record at the deposition or at any later date from changing the confidentiality designation of a previously designated exhibit in accordance with the terms of this Order.

**COURT FILINGS**

42.     In the event that a Receiving Party wishes to use any Designated Document produced by a Disclosing Party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Party must attempt to obtain leave from the Court to file such information under seal.  Any Party may file with the Court additional reasons as to why the documents should be filed under seal.  Any Designated Document that is included with, or the contents of which are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be submitted for filing in sealed envelopes prominently marked with the notation:

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

**FINANCIAL CONFIDENTIAL INFORMATION
(or TECHNICAL CONFIDENTIAL
or RESTRICTED SOURCE CODE MEDIA
or CONFIDENTIAL INFORMATION
or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – SOURCE
CODE)**

**FILED UNDER SEAL**

**SUBJECT TO PROTECTIVE ORDER IN CASE NO. 08-04619 DSF**

**THIS ENVELOPE IS NOT TO BE OPENED, NOR THE CONTENTS
DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT PERSONNEL
AUTHORIZED UNDER THIS ORDER TO DO SO OR BY WRITTEN
AGREEMENT OF THE PARTIES.**

## MATERIALS COVERED BY CONFIDENTIALITY AGREEMENT WITH A THIRD PARTY

43.     Where a document request **in the Action** calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third-party and the Disclosing Party objects on this ground, the Disclosing Party may withhold production for a period of twenty (20) court days after it has discovered that the discoverable information is held under obligations of confidentiality owed to a third-party.  The Disclosing Party shall thereafter disclose in compliance with this Protective Order such discoverable information unless said third party or the Disclosing Party moves for or obtains a protective order in this Court within that time.

## USE OF INFORMATION DESIGNATED UNDER THIS PROTECTIVE ORDER AT HEARING OR TRIAL

44.     Unless the Court directs otherwise, Trial Counsel shall refrain from referring in open court to any Designated Document, or information disclosed therein, except under conditions and safeguards that the Court may elect to use to protect against disclosure of such Confidential Information.  Such information may

be referred to or offered in evidence at trial only after first providing notice reasonable under the circumstances to the Court and to the Disclosing Party of the intended disclosure.  Nothing herein shall operate as a waiver or relinquishment of a designation under this Protective Order, should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.  Nothing in this Order precludes the Court from affording such information further protection if legally appropriate.

**INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

45.    Any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "Highly Confidential Attorneys' Eyes Only" / "Technical Confidential" information and shall be subject to this Order.  Thereafter, the Disclosing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents (or not) prior to furnishing copies to the Receiving Party.

46.    An inadvertent failure to designate qualified information, documents or things as "Confidential", "Highly Confidential Attorneys' Eyes Only", "Technical Confidential", "Financial Confidential", "Highly Confidential Attorneys' Eyes Only – Source Code" or "Technical Confidential: Restricted Source Code Media" does not, standing alone, waive the Disclosing Party's right to secure protection under this Order for such material.  A Disclosing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated.  As soon as notice of a designation is so provided by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated documents consistent with the designation given by the Disclosing Party.  Those individuals who reviewed

1   the documents or information prior to notice of the misdesignation or failure to

2   designate by the Disclosing Party shall return to Trial Counsel for the Disclosing

3   Party or destroy all copies of the misdesignated documents and shall honor, to the

4   extent reasonably practicable, the provisions of this Protective Order with respect to

5   the use and disclosure of any confidential information contained in the misdesignated

6   documents.  The Receiving Party shall not be in violation of this Protective Order for

7   any disclosure of information made prior to receiving such notice, so long as any

8   such disclosure was consistent with the document's then-current designation (or

9   nondesignation).

10          47.    In the event that information designated pursuant to this Protective

11  Order is disclosed to any person not authorized by this Protective Order to receive the

12  information, the party responsible for this disclosure must (a) in writing, immediately

13  bring all pertinent facts relating to such disclosure to the attention of all Parties, (b)

14  use its best efforts to retrieve all copies of the Designated Material, (c) inform the

15  person or persons to whom unauthorized disclosures were made of all the terms of

16  this Order, and (d) request such person or persons execute the "Acknowledgment and

17  Agreement to Be Bound" that is attached hereto as Exhibit A.  The identification

18  under this section of a Party to whom disclosure was made shall not constitute a

19  waiver of attorney-work-product or attorney-client privileges.

20          48.    The inadvertent production of any privileged or otherwise protected

21  materials shall not be deemed a waiver or impairment of any claim of privilege or

22  protection including, but not limited to, the attorney-client privilege and the

23  protection afforded to work-product materials, or the subject matter thereof.

24          49.    The Disclosing Party that becomes aware of any inadvertent or

25  unintentional disclosure, must amend its discovery response and notify the Receiving

26  Party in writing that such document was inadvertently produced and should have

27  been withheld as privileged within ten (10) days after discovering such inadvertent

28  production occurred.  Notice must be in writing, unless it is an oral notice delivered

Flachsbart &
Greenspoon,
LLC

27

1   at a deposition.  If the notice is delivered orally at a deposition, the producing party

2   must follow up with a written notice. The request must be specific enough to identify

3   the privileged information.

4        50.    Upon receiving written notice from the Disclosing Party that materials

5   asserted to be privileged or protected have been inadvertently produced, the

6   Receiving Party shall destroy or return all such material (and any altered or unaltered

7   hard or electronic copies in the Receiving Party's possession) to the Disclosing Party

8   immediately.  Until such materials are destroyed or returned, such materials and the

9   information contained therein shall be treated as Technical Confidential.  Except as

10   provided by this paragraph, nothing stated herein shall limit the right of a Party to

11   challenge a claim of privilege or protection, however, such challenge shall not relieve

12   the Receiving Party from the obligation to destroy or return such materials.

13        51.    To the extent that the information contained in a Document subject to a

14   claim has already been used in or described in other documents generated or

15   maintained by the Receiving Party, then the Receiving Party will sequester such

16   documents until the claim has been resolved.  If the Receiving Party disclosed the

17   specified information before being notified of its inadvertent production, it must take

18   reasonable steps to retrieve it.  The Receiving Party must also promptly advise those

19   persons to whom such disclosure was made that the disclosed material is privileged

20   information and must be treated in accordance with this Order.  Disclosure of the

21   specified information by the Receiving Party before being notified of its inadvertent

22   production shall not be deemed a violation of this Order.  The Disclosing Party shall

23   preserve the specified information until the claim is resolved.

24        52.    After notice has been issued, if the specified information is disclosed to

25   any person other than those entitled to disclosure, the party responsible for disclosure

26   must inform the Disclosing Party in writing of all pertinent facts relating to such

27   disclosure and must make every effort to prevent further disclosure by the

28   unauthorized person(s).

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

53.     The Receiving Party shall have ten (10) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Disclosing Party in writing of an objection to the claim of privilege and the grounds for that objection.

54.     The Disclosing Party will then have ten (10) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection.  Any party may request expedited treatment of any request for the Court's determination of the claim.

55.     Upon a determination by the Court that the specified information is not protected by the applicable privilege, the Disclosing Party shall bear the costs of placing the information into any programs or databases from which it was removed or destroyed and render accessible any Documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

56.     Absent an order or agreement between Trial Counsel to the contrary, the parties shall exchange privilege logs pursuant to the Federal Rules of Civil Procedure forty-five (45) days before the close of fact discovery.  Further, absent an order or agreement between Trial Counsel to the contrary, the following types of documents shall not be placed on a privilege log:  (a) drafts of expert reports; (b) notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff; (c) communications between Trial Counsel and expert witnesses (unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case); and (d) any attorney-client communications or attorney-work-product created after the date of the filing of the above-captioned action or any related action.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

57.     The Parties acknowledge that it may be impractical to contemporaneously assess the confidentiality of any or all information in documents,

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

testimony, transcripts, and/or other materials and things produced by a Party or producing entity in the course of this Action.  Therefore, if a Party wishes to challenge the designation of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate.  The Disclosing Party shall within five (5) business days after receipt of the Receiving Party's request for declassification make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.  If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes.  The Disclosing Party shall have the burden of proving the propriety of the designation.  The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

58.     A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**RETURN AND/OR DESTRUCTION OF MATERIALS UPON CONCLUSION OF THE ACTION**

59.     Within sixty (60) calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Designated Document information shall be returned or destroyed, by cross-cut shredding.   The Receiving Party must submit a written confirmation of the return or destruction to the Disclosing Party by the sixty (60) day deadline.  Notwithstanding this provision, Trial Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, memoranda, notes and other work-product materials which contain or refer to Confidential and Highly Confidential information.  Any such archival copies that contain or constitute Designated

1  Documents remain subject to this Protective Order as set forth in paragraph 73,
2  below.

3     60.   Insofar as the provisions of this Protective Order restrict the
4  communication and use of the documents produced hereunder, this Order shall
5  continue to be binding after the conclusion of this litigation except (a) that there shall
6  be no restriction on documents that are used as exhibits in open court (unless such
7  exhibits were filed under seal) and (b) that a Party may seek the written permission of
8  the Disclosing Party or further order of the Court with respect to dissolution or
9  modification of the Protective Order.

10 **MISCELLANEOUS**

11    61.   Nothing in this Order shall limit any Disclosing Party's use of its own
12 documents and information, nor shall it prevent the Disclosing Party from disclosing
13 its own confidential information, documents or things to any person.  Such disclosure
14 shall not affect any designations made pursuant to the terms of this Order, so long as
15 the disclosure is made in a manner that is reasonably calculated to maintain the
16 confidentiality of the information.

17    62.   Any of the notice requirements herein may be waived, in whole or in
18 part, but only by a writing signed by the Counsel of Record for the party against
19 whom such waiver will be effective.

20    63.   This Protective Order is being entered without prejudice to the right of
21 any Party or other person to move the Court for modification of or relief from any of
22 its terms.

23    64.   Nothing shall prevent disclosure beyond the terms of this Order if the
24 Disclosing Party consents to such disclosure, or if the Court orders such disclosure.

25    65.   Unless the Parties stipulate otherwise, **the parties agree that they will**
26 **not seek to admit** evidence of the existence or nonexistence of a designation under
27 this Protective Order for any purpose.  Nor shall the designation or acceptance of any
28 information designated pursuant to this Protective Order constitute an admission or

Flachsbart &
Greenspoon,
LLC

31

1    acknowledgment that the material so designated is in fact proprietary, confidential or

2    a trade secret.

3        66.    This Protective Order shall not be deemed (a) a waiver of any Party's or

4    producing entity's right to object to any discovery requests on any ground; (b) a

5    waiver of any Party's right to seek an order compelling discovery with respect to any

6    discovery requests; (c) a waiver of any Party's right to object to the admission of

7    evidence on any ground; (d) a waiver of any Party's or producing entity's right to use

8    or disclose its own documents, testimony, transcripts, and/or other materials or things

9    at its sole own discretion; or (e) any waiver of the attorney-client privilege or

10   protection of the work-product doctrine.

11       67.    Nothing in this Protective Order shall bar counsel from rendering advice

12   to their client with respect to the Action, and in the course thereof, relying upon any

13   information under this Protective Order, provided that counsel does not disclose such

14   information in a manner not specifically authorized under this Protective Order.

15       68.    Nothing in this Order shall bar amendment of this Order by stipulation

16   of the Parties or by Order of the Court.  Any such amendment made by stipulation of

17   the Parties shall be made in writing.  **Any amendment by a stipulation of the**

18   **Parties which is not adopted by the Court, is not enforceable as a Court Order.**

19       69.    If a third party, another court or an administrative agency subpoenas or

20   orders production by a Receiving Party of documents or information designated for

21   protection under this Protective Order, the Receiving Party shall notify the Disclosing

22   Party of the pendency of such subpoena in writing (by fax and email) promptly and in

23   no event more than ten (10) calendar days after receiving the subpoena or order.

24   Such notification must include a copy of the subpoena or order.  The Receiving Party

25   also must immediately inform in writing the party who caused the subpoena or order

26   to issue that some or all of the material covered by the subpoena or order is the

27   subject of this Protective Order.  In addition, the Receiving Party must deliver a copy

28   of this Protective Order promptly to the Party in the other action that caused the

Flachsbart &
Greenspoon,
LLC

32

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Disclosing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Disclosing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Documents.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

70.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

71.    A nonparty's use of this Protective Order to protect its "Confidential" information, "Highly Confidential Attorneys' Eyes Only" information, "Technical Information", "Financial Information", "Financial Information: Restrictive Source Code Media" or "Highly Confidential Attorneys' Eyes Only – Source Code" information does not entitle that nonparty access to "Confidential" information, "Highly Confidential Attorneys' Eyes Only" information, or "Highly Confidential Attorneys' Eyes Only – Source Code" information produced by any Party in this case.

72.    The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Designated Documents produced under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California.  Every individual who receives any Designated Document **(except non-parties who do not agree in writing to be bound by the terms of this Order)** agrees to subject himself or herself to the jurisdiction of this Court for the

purpose of any proceedings related to performance under, compliance with, or violation of this Order.

73.    The terms of this Protective Order shall survive termination of this action until a Disclosing Party agrees otherwise in writing or a court order otherwise directs.

**SO STIPULATED:**

Dated:   March 31, 2009                FLACHSBART & GREENSPOON, LLC


By _____/s/_____
                    William W. Flachsbart


        William W. Flachsbart
        wwf@fg-law.com
        FLACHSBART & GREENSPOON, LLC
        53 W. Jackson Bvld.
        Suite 652
        Chicago, IL 60604
        (312) 431-3800
        (312) 431-3810 (fax)

        Gary Dukarich
        gsd@cph.com
        CHRISTIE, PARKER & HALE, LLP
        3501 Jamboree Road
        Suite 6000
        Newport Beach, CA 92660
        (949) 476-0757
        (949) 476-8640 (fax)

        Attorneys for Plaintiff ValueClick, Inc.

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

Dated: March 30, 2009                    ORRICK HERRINGTON & SUTCLIFFE LLP


                                         By _____/s/_____
                                                    Benjamin J. Hofileña


                                         Benjamin J. Hofileña
                                         bhofilena@orrick.com
                                         ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                         777 South Figueroa Street
                                         Suite 3200
                                         Los Angeles, CA 90017
                                         (213) 612-2430

                                         Paul R. Gupta
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                         pgupta@orrick.com
                                         666 Fifth Avenue
                                         New York, NY  10103-0001
                                         (212) 506-5145

                                         William B. Tabler III
                                         wtabler@orrick.com
                                         ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                         666 Fifth Avenue
                                         New York, NY 10103-0001
                                         (212) 506-5284


                                         Attorneys for Defendant and Counterclaim
                                         Plaintiff TACODA, Inc.


                                 **IT IS SO ORDERED.**


Dated:  April 27, 2009           _____/s/_____
                                         Hon. Jacqueline Chooljian
                                         United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

**EXHIBIT A**

**CERTIFICATION CONCERNING**
**MATERIAL COVERED BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the Central District of California in the case entitled *ValueClick, Inc. v. TACODA, Inc.*, Case No. CV 08 04619 DSF (JCx).

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Confidential, Financial Confidential, Technical Confidential, Highly Confidential Attorneys' Eyes Only, Highly Confidential Attorneys' Eyes Only – Source Code or Restricted Source Code Media materials to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name or Individual: _____

Company or Firm Name: _____

Address: _____

Telephone No.: _____


Dated: _____      Signature: _____

Flachsbart &
Greenspoon,
LLC

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of

_____ am

not an employee of the Party who retained me.  I agree that if I receive or review Material

designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY – Source Code", or

"Restricted Source Code Media", I will not accept employment with the Party who retained me for

a period of twelve (12) months after the final termination of this Action, subject to the exceptions

provided for in the Protective Order entered in this case, unless and until the Parties agree or the

Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is

true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

GSD IRV1116819.2-*-04/3/09 12:16 PM

Flachsbart &
Greenspoon,
LLC

37

STIPULATED PROTECTIVE ORDER
CASE NO. CV-08-04619 DSF (JCx)